IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDERSON ALBERTO GARCES FUENMAYOR,** | § § § | |
| Petitioner, | § § | |
| v. | § | No. **3:26-CV-1233-L-BK** |
| | § | |
| **BILL STEPHENS,** | § § | |
| Respondent. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Petitioner Anderson Alberto Garces Fuenmayor's pro se Emergency Request for Temporary Restraining Order ("Motion") (Doc. 3) filed on April 16, 2026. After considering the Motion, pleadings, and applicable law, the court **denies** the Motion (Doc. 3) for the reasons that follow.

A temporary restraining order preserves the status quo at the time the lawsuit is filed and prevents irreparable harm to the movant so that a court can "render a meaningful decision after a trial on the merits." *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To warrant the extraordinary relief of a temporary restraining order, the movant must show:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.

*Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

**Memorandum Opinion and Order – Page 1**

Preliminary relief should not "conclusively resolve legal disputes[,]" and thus a temporary restraining order is not an appropriate vehicle for granting ultimate relief. *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025). For this reason, a court cannot enter a preliminary injunction or temporary restraining order for purposes of rendering ultimate relief sought in a habeas petition in the form of releasing a detainee. *See*, *e.g.*, *Torres Perez v. Warden of Prairieland Detention Ctr.*, No. 3:26-CV-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).

Here, Petitioner does not seek to maintain the status quo pending resolution of his habeas Petition. He, instead, seeks immediate release from confinement, which is the ultimate relief sought in his habeas Petition. As indicated, a temporary restraining order is not an appropriate vehicle for granting such ultimate relief. Accordingly, the court **denies** Petitioner's Motion (Doc. 3). In ruling on Petitioner's Motion, the court expresses no opinion regarding the other relief sought by Petitioner in this case. Petitioner's remaining requests for relief will be decided during the normal course of this case, which is referred to the magistrate judge.

**It is so ordered** this 17th day of April, 2026.

Sam A. Lindsay
United States District Judge

Memorandum Opinion and Order – Page 2